**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH LAVOIE, a single man, | No. 11-16713 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00155-ECV |
| v. | |
| RUSSELL HAYNES, a married man; CITY OF MESA, a government entity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Edward C. Voss, Magistrate Judge, Presiding

Submitted February 15, 2013[**]
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and CARR, Senior District Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Keith LaVoie ("LaVoie") appeals an adverse jury verdict in his excessive force action brought against Officer Russell Haynes ("Haynes") and the City of Mesa, Arizona (collectively, "Appellees") under 42 U.S.C. § 1983, challenging the admission of certain evidence as a violation of Federal Rules of Evidence 404(b) and 403.[1] We affirm.

While evidentiary rulings are typically reviewed for abuse of discretion, *see, e.g.*, *Valdivia v. Schwarzenegger*, 599 F.3d 984, 993–94 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1626 (2011), objections not properly preserved are reviewed only for plain error, *United States v. Sine*, 493 F.3d 1021, 1031 (9th Cir. 2007); *see also* Fed. R. Evid. 103(e). Whether particular evidence comprises "other acts" so as to implicate Rule 404(b) is reviewed de novo. *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (citation omitted).

We have serious doubts as to whether LaVoie properly preserved any aspect of his evidentiary challenge. He failed to timely object at trial to most of the evidence now at issue. *See* Fed. R. Evid. 103(a). Compounding that error, his appellate briefs neglect to clearly present his arguments or to cite and provide portions of the record

---

[1] Though LaVoie initially raised a sufficiency of the evidence challenge as well, he has now conceded that he waived that issue by failing to file a motion pursuant to Federal Rule of Civil Procedure 50. *See Ortiz v. Jordan*, 131 S. Ct. 884, 894 (2011) ("Absent [a Rule 50(b)] motion, an appellate court is 'powerless' to review the sufficiency of the evidence after trial.") (citation omitted).

critical to this court's review. Even reviewing for abuse of discretion, though, LaVoie's arguments fail.

The evidence he challenges as improper "other act" evidence under Rule 404(b) involves behavior immediately following, and intricately related to, the incident at the heart of LaVoie's lawsuit—his arrest and purported stabbing. As a result, the contested evidence is not subject to Rule 404(b). *See United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) ("[E]vidence should not be considered . . . 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the other act and the evidence concerning the [event at issue in the case] are inextricably intertwined.'" (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987))). The evidence is likewise not more prejudicial than probative under Rule 403, as it strongly supports Appellees' theory that LaVoie was behaving so wildly during the arrest that he may have grabbed Haynes's knife and injured himself.

As "[h]armless error analysis applies to the improper admission of evidence," *United States v. Chase*, 340 F.3d 978, 993 (9th Cir. 2003) (en banc) (citation omitted), we also note, to extinguish any remaining doubt, that even if the district court did err in admitting the contested evidence, such error would be harmless. The challenged evidence only lends support to other, uncontested evidence suggesting that Haynes did not, in fact, stab LaVoie.

**AFFIRMED.**

3